IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Plaintiff, | } | Criminal Action |
| | } | |
| v. | } | No. 07-10201-01,02-WEB |
| | } | |
| EVERETT E. SABBAGH, | } | |
| and TERU J. SABBAGH, | } | |
| | } | |
| Defendants. | } | |

**GOVERNMENT'S RESPONSE TO
DEFENDANTS' MOTIONS**

Comes now the United States, by and through Assistant U. S. Attorney Lanny D. Welch, and hereby responds to the defendants' motions:

**FACTS**

On November 11, 2007, Wichita police officers obtained a search warrant authorizing the search of a residence located at 10118 W. Merton in Wichita. The search warrant was issued following an investigation conducted by police officers who had learned the defendant Everett Sabbagh was distributing cocaine. A Confidential Informant (CI) had provided information that prior to July of 2007, a person later identified to be Everett Sabbagh had sold multiple ounces of cocaine to the CI from the residence located at 10118 W. Merton, as well as the parking lot of the Silver Springs Apartment complex located at 999 N. Silver Springs, also in Wichita.

On November 9, 2007, Wichita police Detective Chris Barratti learned from police records that defendant Everett Sabbagh had previously listed this house on West Merton to be his residence. Also on November 9, 2007, Detective Barratti secured bags of trash from the trash container which had been placed at the curbside by a resident of 10118 W. Merton for trash collection. An examination of the contents of those trash bags revealed cocaine residue in a plastic baggie, a marijuana seed and documents addressed to Everett Sabbagh at the address of 10118 W. Merton.

The search warrant for 10118 W. Merton was executed on November 13, 2007. Inside the residence officers located approximately $26,000 and a small amount of marijuana. Prior to the execution of the search warrant the defendant Everett Sabbagh was stopped as he drove away from this address. Officers were aware the defendant was driving on a suspended drivers license which was confirmed after he was stopped. A search of his person revealed that he had approximately $4,400 on him as well as a key that officers later learned was for the front door of Apartment 1805 at the Silver Springs apartment complex.

Prior to determining which apartment was being used by the defendants as a stash house at the Silver Springs complex, officers made contact with defendant Teru Sabbagh. She was asked where she lived and she told the officers she lived with her mother at 11010 E. Clark in Wichita. She was specifically asked about an apartment at the Silver Springs complex and she replied she had no knowledge about any apartment at that location. Through a utilities check the officers learned Teru Sabbagh had lied about her knowledge of an apartment at Silver Springs because the utility records reflected that defendant Teru

Sabbagh had registered for utilities in her name at Apartment 1805 at the Silver Springs complex. Earlier that day officers had observed Teru Sabbagh drive in the parking lot of the Silver Springs complex right in front of Building 18. Apartment 1805 is located in Building 18 of that complex. The officers also spoke again with the CI who reported to them he/she had met with Everett Sabbagh at Apartment 1805 on November 9, 2007, to pay Everett Sabbagh money the CI owed him for drugs. While at the apartment the CI told the officers he/she saw a female he/she understood to be Everett Sabbagh's sister.

A search warrant was obtained on November 13 for Apartment 1805 and the search warrant was executed that same day. Inside officers found multiple photographs and documents belonging to Teru Sabbagh. They also located approximately 2 pounds of cocaine, 25 pounds of marijuana as well as items used for the packaging and distribution of drugs to include scales and a press used to compress drugs such as cocaine or marijuana.

## ARGUMENTS AND AUTHORITIES

**1.    Standing**

In their respective motions the defendants ask the court to suppress evidence seized as the result of the execution of search warrants on November 13, 2007, at 10118 W. Merton and 999 N. Silver Springs, Apt. 1805, both in Wichita, Kansas. Absent from both motions is an averment of standing by either defendant for either address.

A defendant has standing to challenge the admission of evidence seized only if the defendant's own constitutional rights have been violated. *United States v. Salvucci,* 448 U.S. 83, 86-87 (1980).  It is fundamental law that a person desiring to have evidence suppressed must first show he has standing to object to the search. *United States v. Deninno*, 29 F.3d 572, 576 (10th Cir.1994).  The burden is on the defendant to show by a preponderance of the evidence that he or she was personally aggrieved by the alleged search and seizure because it invaded their subjective expectation of privacy which society is prepared to recognize as reasonable. *United States v. Carr*, 939 F.2d 1442, 1444 (10th Cir.1991).

    **A.**    **10118 W. Merton, Wichita, Kansas**

        i.    Everett Sabbagh

In his motion to suppress the defendant Everett Sabbagh, in an effort to undermine the information provided by the CI to the police, suggests the information contained in the affidavit in support of that search warrant failed to link him to that address.  It appears Mr. Sabbagh is attempting to have his cake and eat it too.  He argues the police failed to establish a connection between him, the residence and drug trafficking.  This seems to imply that Everett Sabbagh disclaims any connection to the residence in an effort to distance himself from the CI's information and the evidence later discovered.  The defendant has failed to make any effort, let alone meet his burden, to establish that he has standing to object to the search of the residence located at 10118 W. Merton.  Until he meets his burden in this regard the defendant's motion should be denied.

    ii. Teru Sabbagh

The defendant Teru Sabbagh's position with regard to the search of 10118 W. Merton is even more tenuous than her brother's. She also fails to address the issue of standing as to this residence and there is little or nothing discovered which provides a link for her to this address. Likewise, unless and until she is able to establish that she had an expectation of privacy in that address her motion should also be denied.

  **B.** **999 N. Silver Springs, Apartment 1805, Wichita, Kansas**

    i. Everett Sabbagh

The United States contends the defendant Everett Sabbagh's efforts to suppress the evidence found during the search of this apartment must fail because the defendant again ignored the issue of standing. This was likely by design given the fact that Everett Sabbagh will not be able to meet his burden to establish that he had a recognizable expectation of privacy in the apartment. While the defendant had a key which fit the door to the apartment, possession of a key alone does not confer standing. *United States v. Conway,* 73 F.3d 975, 979-80 (10th Cir. 1995)(possession of key to motel room and presence in the room not sufficient to confer standing when defendant failed to establish permission from renter to be present). Everett Sabbagh cannot meet his burden to establish standing to object to the search of the apartment and the government respectfully requests his motion be denied.

    ii. Teru Sabbagh

Defendant Teru Sabbagh has created an interesting dilemma for herself in that her repeated denials to the police that she had any knowledge of, or interest in, Apartment 1805

now must be examined when her motion to suppress is considered. Like her brother, she has failed to address the issue of standing in her motion. However, her attempts to distance herself from this apartment can now be taken into account in considering whether she has met her burden to establish standing. Currently she has failed to meet that burden.

**2.     Search of 10118 W. Merton**

The search of this residence was conducted after the police sought and received a search warrant for the address. The defendants lodge several complaints about the investigation and the affidavit provided in support of the search warrant. These complaints largely ignore or attempt to diminish the true facts gathered by the Wichita police officers who conducted this investigation. It is clear that the actions of the police in this case were proper and the defendants' attempts to suppress the evidence seized from this residence should be denied because the officers had established probable cause for the issuance of the search warrant.

Probable cause requires a magistrate judge to find that, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates,* 462 U.S. 213, 238-39 (1983). In conducting that review the Supreme Court cautioned the reviewing court not to conduct a *de novo* review but, rather, the reviewing court should give the issuing court's judgement great deference and examine the affidavit in

a common sense, rather than a hypertechnical, manner. *Id.* at 236; see also *United States v. Corral-Corral,* 899 F.2d 927, 931 (10th Cir. 1990).

The defendants go to great lengths to argue that the affidavit was lacking in this case because the reliability of the CI was not established in the affidavit. This argument is much ado about nothing. "[T]here is no need for a declaration of the reliability of an informant when the informant's information is corroborated by other information." *United States v. Sturmoski,* 971 F.2d 452, 457 (10th Cir. 1992). In this case the officers corroborated the CI's information when they retrieved and searched the contents of the trash container belonging to 10118 W. Merton. Inside the officers found a quantity of cocaine (the drug the CI had reported purchasing from Everett Sabbagh) and also located documents addressed to the defendant Everett Sabbagh at 10118 W. Merton (a location the CI reported having purchased cocaine from the defendant in the past). The officers further corroborated the informant's information that Everett Sabbagh dealt cocaine from an apartment in the Silver Springs apartment complex when they later established Teru Sabbagh rented an apartment there and the defendant Everett Sabbagh had a key to that apartment.

Further, police had probable cause for the search warrant because a search of the trash container which belonged to the occupants of that address revealed the presence of cocaine in plastic bags. The search of the trash container was lawful because the trash had been placed in a location to be collected for disposal and, consequently, there is no expectation of privacy in the contents of the trash receptacle. *California v. Greenwood,* 486 U.S. 35, 39-41 (1988). The use in federal court of evidence derived from a search authorized by the

issuance of a state search warrant is entirely proper. *United States v. Le,* 173 F.3d 1258, 1264-65 (10th Cir. 1999). The officers' actions in executing the search warrant were lawful and the defendants' motions to suppress the search of this residence should be denied.

Lastly, the defendants claim the information contained in the affidavit was stale largely complaining the information received from the informant was dated. Again, the defendants attempt to ignore an obvious fact which forecloses their argument. The trash pull conducted by the officers occurred on November 9, 2007, just three days prior to when the application for search warrant was presented to the court. The investigation was made current with the drug evidence and documents retrieved from the trash container and the officers had probable cause for the issuance of the search warrant.

**3.     Arrest and Search of Everett Sabbagh**

Prior to executing the search warrant at 10118 W. Merton, officers had learned the defendant Everett Sabbagh had a suspended drivers license. In Kansas, it is unlawful to operate an automobile with a suspended driver's license.[1] If a police officer observes the person driving while his license is suspended Kansas law allows for the officer to make an arrest.[2] Once an officer makes a proper arrest he is authorized to search the person incident to that arrest. *Michigan v. DeFillippo,* 443 U.S. 31, 35 (1979).

---

[1] K.S.A. 2-262.

[2] K.S.A. 22-2401(d).

**4.     Search of 999 N. Silver Springs, Apartment 1805**

Following the execution of the search warrant at 10118 W. Merton on November 13, 2007, police officers gathered information about a second location these defendants were using to distribute drugs. The CI had already informed the officers that he/she had obtained quantities of cocaine from Everett Sabbagh in the parking lot of that apartment complex. The CI also informed the officers he/she had learned that apartment was number 1805 because he/she had met with Everett Sabbagh on November 9, 2007, to pay him money owed for drugs. While the CI was at the apartment he/she also saw a female he/she understood to be Everett Sabbagh's sister.

Although Teru Sabbagh told the police on November 13 she had no knowledge of Apartment 1805, the officers conducted a utilities check which confirmed information provided by the CI that the Sabbaghs had a connection to the apartment because Teru Sabbagh had registered utilities in her name at that apartment. After telling the police she knew nothing about the apartment, officers conducting surveillance at the apartment complex observed Teru Sabbagh drive into the apartment complex directly in front of Building 18. When Everett Sabbagh was arrested earlier that day a set of keys were identified by him to be his and one key on the key chain was determined to be a key for Apartment 1805.

Clearly the officers established probable cause for the issuance of a second search warrant, this time for Apartment 1805. The complaints lodged by the defendants concerning this search are exactly the type of hypertechnical nitpicking the Supreme Court has cautioned

against. Again, we also should not lose sight of the fact these complaints are lodged by defendants who have yet to make any claim of standing to object to the search.

### 5. Good Faith

The United States believes it is clear that probable cause existed for the issuance of both search warrants and the police officers involved in this investigation should be commended for gathering ample information and then pursuing search warrants. If this court should find one of the warrants deficient, suppression of the evidence is not warranted nor proper under these circumstances. ***United States v. Leon,*** 468 U.S. 897, 920 (1984).

### 6. Disclosure of Informant/Motion for Additional Discovery

In making the requisite showing under the ***Roviaro*** standard, the defendant must present more than mere speculation about the possible usefulness of an informant's testimony. ***United States v. Zamora,*** 784 F.2d 1025, 1030 (10th Cir.1986). Disclosure of an informant is not required where the information sought from him or her would be merely cumulative, or where the informant is not a participant in or a witness to the crime charged. ***United States v. Scafe,*** 822 F.2d 928, 933 (10th Cir.1987); ***United States v. Halbert,*** 668 F.2d 489, 496 (10th Cir.1982).

The defendants' demand for disclosure of the identity of the informant is replete with speculation as to how disclosure might assist the defense. The identity of a CI should not be revealed merely to satisfy the curiosity of the defendant or because he believes disclosure *might* be helpful to his case. The CI utilized by the police was not a direct participant in the crimes charged against these defendants. As such, his/her identity should not be disclosed.

Currently, the United States does not intend to call the CI as a witness.  If that decision changes defense counsel will be notified and the identity of the informant will be disclosed.

        Respectfully submitted,

        ERIC F. MELGREN
        UNITED STATES ATTORNEY

        s/ Lanny D. Welch
        LANNY D. WELCH
        Ks. S.Ct. No. 13267
        Assistant United States Attorney
        District of Kansas
        301 N. Main, Suite 1200
        Wichita, Kansas 67202
        (316) 269-6481
        (316) 269-6484 (FAX)
        Lanny.Welch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Tim Henry
Attorney for Defendant Teru Sabbagh

Laura Shaneyfelt
Attorney for Defendant Everett Sabbagh

        s/ Lanny D. Welch
        LANNY D. WELCH
        Assistant United States Attorney