IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                          Case No. 6:07-cr-10201-JTM-1

EVERETT E. SABBAGH,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Everett Sabbagh's *pro se* Motion for Early Termination of Supervised Release (Dkt. 68). The United States has responded to the motion (Dkt. 69), and the U.S. Probation Office has reported its position to the court.

Defendant pled guilty in 2008 to one count of unlawful possession with intent to distribute cocaine. Pursuant to a plea agreement under Fed. R. Crim. P. 11(c)(1)(C), defendant was sentenced to a term of imprisonment of 84 months, 4 years of supervised release, a fine of $5,000, and a special assessment of $100. Defendant also agreed to forfeiture of various property and cash.

The report of the U.S. Probation Office shows that defendant satisfied the special assessment and fine in 2012, and that since he began supervision in October 2014, his tests for substance abuse have been negative, his residence has been stable, he has been gainfully employed, and he has fully complied with his supervision conditions. Due to defendant's limited time on supervision, however, the Probation Office recommends

continued supervision until defendant has successfully completed at least half of the term of supervised release (i.e., until November 1, 2016). The United States takes the same position. Dkt. 69 at 1-2.

Section 3583(e)(1) of Title 18, U.S. Code, provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice;…

After considering the above statutory factors in light of the circumstances of this case, the court concludes that the motion for early termination should be denied at this time. The court finds that some additional period of supervision will benefit defendant and will help foster his continued progress. The court's denial is without prejudice to the refiling of a request for early termination after defendant has completed at least half of the four-year term of supervised release.

**IT IS THEREFORE ORDERED** this 31st day of March, 2016, that defendant's Motion for Early Termination of Supervised Release (Dkt. 68) is DENIED.

          ___s/ J. Thomas Marten_____
          J. THOMAS MARTEN, JUDGE